**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

WILDEARTH GUARDIANS,

                         Plaintiff,

   v.

LISA P. JACKSON, in her official capacity as
ADMINISTRATOR,
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY
                         Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. The Clean Air Act is a model of cooperative federalism, whereby the Administrator of the Environmental Protection Agency ("EPA") sets National Ambient Air Quality Standards ("NAAQS") and the states develop specific plans to achieve these standards. States submit these State Implementation Plans ("SIPs") to EPA, which reviews the plans to ensure they meet the requirements of the Clean Air Act. The Clean Air Act mandates that EPA approve or disapprove, or partially approve and disapprove, SIPs submitted by states within 12 months of determination that the SIP submittal is administratively complete. EPA has repeatedly violated this mandatory 12-month deadline, creating a backlog of pending SIP submittals from several states stretching back to the 1990s.

1

2. Plaintiff WildEarth Guardians ("Guardians") brings this Clean Air Act citizen suit to compel Defendant, Lisa Jackson, Administrator of the EPA, to perform her non-discretionary duty to review scores of submitted SIP revisions from several States. The timely review of these SIPs is necessary to ensure adequate protection of air quality and public health in the states that have submitted these SIP revisions to EPA.

## JURISDICTION, NOTICE AND VENUE

3. This is an action against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under the Clean Air Act which is not discretionary with the Administrator. Thus, this Court has jurisdiction pursuant to 42 U.S.C. § 7604(a)(2) (citizen suit provision of the Clean Air Act) and 28 U.S.C. § 1331 (federal question).

4. This action is not with respect to Federal taxes, a proceeding under section 505 or 1146 of title 11, or a civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority. Therefore, the requested declaratory relief is authorized by 28 U.S.C. § 2201(a) and 42 U.S.C. § 7604(a). Injunctive relief is authorized by 28 U.S.C. § 2202 and 42 U.S.C. § 7604(a).

5. On March 9, 2009, Guardians provided EPA with written notice of the claims stated in this action. Guardians provided EPA with written notice of the claims states in this action at least 60 days before filing this Complaint. Guardians provided this notice pursuant to 42 U.S.C. § 7604(b)(2), and 40 C.F.R. §§ 54.2 and 54.3. Although more than 60 days have elapsed since Guardians gave notice, EPA remains in violation of the law.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(e)(1), (2) &

(3). EPA resides in this judicial district and maintains a major regional office in Denver, Colorado. A substantial part of the events or omissions giving rise to Guardians' claims occur in EPA's Denver office. Additionally, several of the SIP submissions at issue are from the State of Colorado. Guardians maintains a major office in Denver, Colorado.

## PARTIES

7.  Plaintiff WILDEARTH GUARDIANS ("Guardians") is a non-profit conservation organization. Guardians is dedicated to protecting and restoring wildlife, wild rivers, and wild places in the American West, and to safeguarding the Earth's climate and air quality. WildEarth Guardians and its members work to reduce harmful air pollution in order to safeguard public health, welfare, and the environment. WildEarth Guardians has approximately 10,000 members and supporters, many of whom live, work, or recreate in the States at issue in this case.

8.  Guardians is a corporation. Therefore, Guardians is a "person" within the meaning of 42 U.S.C. § 7602(e). As such, Guardians may commence a civil action under 42 U.S.C. § 7604(a).

9.  Guardians members live, work, recreate, and conduct educational, research, advocacy, spiritual and other activities in parts of Colorado, Montana, and Utah in areas where air pollution impacts, the emission of which should be regulated under the SIP submittals at issue in this case. Guardians also owns or leases property and engages in activities such as river restoration and tree planting in areas where air pollution impacts, the emission of which should be regulated under the SIP submittals at issue in this case. This air pollution adversely impacts Guardians' and its members' interest. EPA's failure to act on the SIP submittals also creates doubt for Guardians members as to whether they are exposed to illegal levels of air pollution.

Guardians' and its members' interests have been, are being, and will continue to be irreparably harmed by EPA's failure to act on the SIP submissions at issue in this case.

10. The violations alleged in this Complaint also deprive Guardians and its members of certain procedural rights associated with EPA's required action on the SIP submissions, including notice and opportunity to comment. The violations alleged in this Complaint also deprive Guardians and its members of certain information associated with EPA's required action on the SIP submissions.

11. The violations alleged in this Complaint have injured and continue to injure the interests of Guardians and its members. This injury is traceable to Defendant's failure to act. Granting the requested relief would redress these injuries by compelling EPA action that Congress determined to be an integral part of the regulatory scheme for attaining and maintaining the NAAQS.

12. Defendant LISA P. JACKSON, is Administrator of the United States Environmental Protection Agency. Ms. Jackson is sued in her official capacity. The Administrator is charged with implementation and enforcement of the Clean Air Act. As described below, the Clean Air Act assigns EPA certain non-discretionary duties.

**LEGAL FRAMEWORK**

13. The Clean Air Act establishes a partnership between EPA and the states for the attainment and maintenance of national air quality goals. See 42 U.S.C. §§ 7401-7515. This system is intended to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once

again." H.R. Rep. No. 91-1146, at 1 (1970), *reprinted in* 1970 U.S.C.C.A.N. 5356, 5356. Towards this end, EPA has set NAAQS for seven pollutants. See 40 C.F.R. Part 50.4-50.13.

14. States, or regions within a state, must adopt a pollution control plan that contains enforceable emissions limitations necessary to attain the NAAQS and meet applicable requirements of the Clean Air Act, including ensuring attainment, maintenance, and enforcement of the NAAQS. See e.g. 42 U.S.C. §§ 7410(a)(1), (a)(2)(A), 7502(c)(6). All such plans must be submitted to and approved by EPA. See 42 U.S.C. § 7410(a)(1), (k).

15. Within 60 days of EPA's receipt of a proposed SIP or SIP revision, the Clean Air Act requires EPA to determine whether the submission is sufficient to meet the minimum criteria established by EPA for such proposals. See 42 U.S.C. § 7410(k)(1)(B). If EPA fails to make such a "completeness" finding, the proposed SIP or SIP revision is deemed complete by operation of law six months after submission. Id. If EPA determines that the proposed SIP or SIP revision does not meet the minimum criteria, the state is considered not to have made the submission. See 42 U.S.C. § 7410(k)(1)(C).

16. Within 12 months of finding that a proposed SIP or SIP revision is complete (or deemed complete by operation of law), EPA must act to approve, disapprove, or approve in part and disapprove in part, the submission. See 42 U.S.C. § 7410(k)(2).

17. Once EPA approves a SIP or SIP revision, source of pollution must comply with all emission standards and limitations contained in the SIP, and all such standards and limitations become federal law and are enforceable by EPA and citizens in federal courts. See 42 U.S.C. § 7413 and 42 U.S.C. § 7604(a).

18. If EPA fails to comply with a non-discretionary duty, such as acting on a proposed

SIP revision within the Clean Air Act deadlines, the Clean Air Act allows any person to bring suit to compel EPA to perform its duty. See 42 U.S.C. § 7604(a)(2).

## FACTUAL ALLEGATIONS

19.   EPA received the following SIP submittals more than 18 months prior to March 9, 2009, which is the date of Guardians' Notice of Intent to Sue letter in this case.

20.   **COLORADO**

| Date of Governor's Letter | Title | Description[1] |
|---|---|---|
| April 12, 2004 | Reg. 3 Revisions | Revisions to definition of attainment/maintenance area and reporting requirement on condensate tanks. |
| July 11, 2005 | NSR Reg. 3 | New Source Review Revises Regulation No. 3. to incorporate NSR reforms including related APEN revisions |
| August 8, 2006 | Colorado Reg. 11 | Revision deletes final emission limits. |
| August 1, 2007 | Colorado Reg. 1 and 6, incinerators | Revises Reg. 6 to update IBR for Part 60. Revises Reg 1 to update state testing requirements. |
| August 1, 2007 | Colorado Reg. 3, New Source Review | VOC definition revisions, changes to list of HAPs, corrections to previous revisions, and related APEN revisions |
| August 1, 2007 | Colorado Reg. 4 | masonry heaters test protocol |

21.   **MONTANA**

| Date of Governor's Letter | Title | Description |
|---|---|---|
| April 19, 1999 | Kraft Pulp Mill rule | Rule re-codifications and opacity. |

---

[1] Note that the description is for easy of reference only. It does not imply that Plaintiff's claim is limited to this description. Rather, Plaintiff's claim is that EPA has failed to take action on the complete submittal submitted under the referenced cover letter and related items.

| August 25, 1999 | Subchapter 7 | Subchapter 7 (Permit, Construction, and Operation of Air Contaminant Sources) |
| --- | --- | --- |
| May 28, 2003 | Subchapter 7 | Subchapter 7 (Permit, Construction and Operation of Air Contaminant Sources). |
| March 9, 2004 | Subchapter 7 | Subchapter 7 (Permit, Construction and Operation of Air Contaminant Sources). . |
| October 25, 2005 | ARM 17.8.767 | Minor NSR revisions. |
| March 29, 2006 | NSR equivalency demonstration | NSR Reform SIP – equivalency demonstration. |
| June 26, 2006 | Lincoln County air pollution control Program for PM2.5 nonattainment SIP | Woodstove burning Regulations and other PM2.5 measurers |
| October 16, 2006 | Revisions to ARM 17.8.743 | First oil and gas permitting rule revisions |
| October 16, 2006 | Revisions to ARM 17.8.759 | Minor NSR rule revisions. |
| November 1, 2006 | Revisions to ARM 17.8.1701-1705, 17.8.1710-1713, ARM 17.18.744 | 2nd Oil and gas rule revisions. |

22. **UTAH**

| Date of Governor's Letter | Title | Description |
|---|---|---|
| October 9, 1998. | Streamlining approval order Process R307-401 (previously 307-1-3) | Renumbering of NSR rules |
| January 8, 1999 | Soil venting and aeration R307-413 | |
| February 22, 1999 | 1-hour ozone maintenance plan | 1-hour ozone maintenance plan. |
| September 20, 1999 | Rules reorganization | Grouping of smaller materials into a coherent structure. |
| December 10, 1999 | Open burning revisions | Open burning revisions. |
| September 15, 2006 | NSR Rules | Revises 401 and 410, and deletes 413. |

23. As of date of filing this complaint, EPA not has granted final full or partial approval or disapproval for any of the SIP Submittals listed in the preceding paragraphs (¶¶ 20, 21, 22).

8

## CLAIM FOR RELIEF

### Failure to Perform a Non-Discretionary Duty to Act on SIP Submittals

24. Plaintiff incorporates by reference all the preceding allegations in this Complaint.

25. EPA received each of the SIP submittals listed in paragraphs 20, 21, and 22.

26. EPA determined by no later than March 8, 2008, either in fact or by operation of law, that each of the SIP submittals listed in paragraphs 20, 21, and 22 meet the minimum criteria established pursuant to 42 U.S.C. § 7410(k)(1)(A).

27. Therefore, EPA had, and continues to have a mandatory duty to fully or partially approve or disapprove each of the SIP submittals listed in paragraphs 20, 21, and 22 by no later than March 8, 2009. See 42 U.S.C. § 7410(k)(2) & (3).

28. EPA has not fully or partially approved or disapproved each of the SIP submittals listed in paragraphs 20, 21, and 22.

29. Accordingly, EPA has violated and continues to violate its mandatory duty in 42 U.S.C. § 7410(k)(2).

30. This violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2). EPA's violation is ongoing and will continue unless remedied by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff WildEarth Guardians requests that this Court enter judgment providing the following relief:

A. A declaration that EPA has violated and continues to violate the Clean Air Act by

failing to take final action on the SIP submittals listed in paragraphs 20, 21, and 22;

      B.     An injunction compelling EPA to take final action on the SIP submittals listed in paragraphs 20, 21, and 22 by a date certain with interim deadlines to assure compliance with the court's order;

      C.     An order retaining jurisdiction over this matter until such time as EPA has complied with its non-discretionary duties under the Clean Air Act;

      D.     An order awarding Guardians its costs of litigation, including reasonable attorneys' fees; and

      E.     Such other and further relief as the court deems just and proper.

Respectfully submitted,

s/ James J. Tutchton
WildEarth Guardians
1536 Wynkoop St., Suite 301
Denver, CO  80202
Tel: (303) 573-4898 x1164
Fax: (505) 989-8623
jtutchton@wildearthguardians.org

s/ Robert Ukeiley
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
rukeiley@igc.org

Counsel for Plaintiff

Dated: September 9, 2009