# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 09-cv-02148-REB-MJW

WILDEARTH GUARDIANS,

    Plaintiff,

v.

LISA JACKSON, in her official capacity as Administrator of the Environmental Protection
Agency,

    Defendant.

## AMENDED CONSENT DECREE

WHEREAS, on October 22, 2009, Plaintiff WildEarth Guardians filed its Amended Complaint in this action against Lisa Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency ("Defendant" or "EPA");

WHEREAS, Plaintiff alleges that EPA has failed to take action to approve or disapprove a number of State Implementation Plan ("SIP") submissions from the States of Colorado, Montana, Utah and New Mexico within the time frame required by section 110(k)(2), of the Clean Air Act ("CAA"), 42 U.S.C. § 7410(k)(2);

WHEREAS, if the Parties were to litigate Plaintiff's claims, EPA would raise jurisdictional defenses to some of the claims in the Amended Complaint, and the Parties have therefore decided to settle those claims through a separate settlement agreement

which is not a part of this Consent Decree;

WHEREAS, in this Consent Decree Plaintiff and Defendant have agreed to a proposed settlement of the remaining claims in the Amended Complaint without admission of any issue of fact or law, which they consider to be a just, fair, adequate and equitable resolution of such claims; and

WHEREAS, it is in the interest of the public, the parties and judicial economy to resolve the issues addressed by this Consent Decree without protracted litigation.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has subject matter jurisdiction over the claims set forth in the Amended Complaint that are resolved in this Consent Decree, and it has jurisdiction to order the relief contained in this Consent Decree.

2. Venue lies in the District of Colorado.

3. Plaintiff and Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree. Upon entry, no person not a party to this case shall challenge the terms of this Consent Decree. This Consent Decree constitutes a complete and final resolution of all claims asserted in the Amended Complaint, other than those claims which are resolved by the separate Settlement Agreement between the Parties resolving those claims in the Amended Complaint for which EPA would assert a jurisdictional defense.

4. This Consent Decree shall become effective upon the date of its entry by the Court. If for any reason the Court does not enter this Consent Decree, the obligations set forth in this Decree are null and void.

5. Exhibits A and B to this Consent Decree consist of tables identifying the SIP submissions subject to this Consent Decree and the specific deadline for EPA action on each such SIP submission. For example, under Exhibit A, SIP submission 1, December 31, 2010, is the deadline for EPA to sign a notice of final action on the State of Colorado's April 12, 2004, SIP submission of Colorado Regulation 3, concerning the definition of attainment/maintenance area and reporting requirements on condensate tanks. EPA shall sign a notice of final action approving in whole, partially approving and partially disapproving, or disapproving in whole each SIP submission by the respective deadline set forth in Exhibit A or Exhibit B for each specific SIP submission.

6. Exhibits A and B to this Consent Decree also contain dates by which EPA will sign a notice of proposed action with respect to some, but not all, of the SIP submissions subject to this Consent Decree. For example, June 30, 2011, is the deadline for EPA to sign a notice of proposed action under Exhibit A, SIP submission 4, but there is no deadline for EPA to sign a notice of proposed action under Exhibit A, SIP submission 1. Solely with respect to those SIP submissions for which Exhibit A or Exhibit B contain a deadline for EPA to sign a notice of proposed action, EPA shall sign a notice of proposed action for the specific SIP submission by the specific deadline provided in Exhibit A or Exhibit B. If no deadline is provided in Exhibit A or Exhibit B for EPA to sign a notice of proposed action for any specific SIP submission, then EPA is not obligated under this Consent Decree to sign a notice of proposed action by any particular date. However, regardless of the date by which EPA signs a notice of proposed action for any specific SIP submission, EPA remains obligated to sign a notice of final action for each SIP submission by the respective deadline provided in

Exhibits A or B unless that deadline is extended under Paragraphs 9 or 17.

7. If this Consent Decree is not entered until after any specific deadline for EPA action set forth in Exhibit A or Exhibit B, then the deadline for EPA action shall be 20 days after entry of this Consent Decree with respect to such specific past deadline.

8. Within 15 business days following signature on each notice required by Paragraphs 5, 6 and 7, and as set forth in Exhibits A and B, EPA shall deliver the notice to the Office of the Federal Register for publication.

9. The deadlines in Paragraphs 5, 6 and 7 may be extended for a period of 60 days or less by written stipulation executed by counsel for Plaintiff and Defendant and filed with the Court. Any other extension to the deadlines in Paragraph 5, 6 and 7, or any other modification to this Consent Decree, may be approved by the Court upon motion made pursuant to the Federal Rules of Civil Procedure by either Party to this Consent Decree and upon consideration of any response by the non-moving Party and reply by the moving Party.

10. EPA's obligation to take any action required in Paragraphs 5 and 6 by the deadlines set forth in Exhibits A and B to this Consent Decree (or Paragraph 7, if applicable) shall become null and void if the underlying SIP submission to which the deadline corresponds is withdrawn in writing by the relevant State prior to the relevant deadline. EPA shall provide WildEarth Guardians with a copy of any written notice of withdrawal prior to the relevant deadline. In addition, the Parties recognize that EPA may receive additional SIP submissions that may relate to the SIP submissions covered by this Consent Decree. It is possible that EPA may need to consider the relevance of a particular additional SIP submission to a SIP submission covered by this Decree prior

to the time that EPA takes action on the SIP submission covered by this Decree. If EPA believes it will need to delay action on any SIP submission covered by this Decree beyond the deadline provided in Exhibit A or B due to an additional SIP submission by the relevant State, then EPA shall confer with Plaintiff, and any such deadline extension shall be handled under Paragraphs 9 and 17 to this Consent Decree. Proposed deadline extensions for any other reason shall likewise be handled under Paragraphs 9 and 17 to this Consent Decree.

11. EPA agrees to settle Plaintiff's claim for attorneys' fees and costs by paying $16,000.00 as soon as reasonably practicable after entry of this Consent Decree. This amount shall be paid by Fed Wire Electronic Funds Transfer to WildEarth Guardians' Counsel Robert Ukeiley, P.S.C. pursuant to payment instructions provided by Robert Ukeiley. Plaintiff agrees to provide counsel for Defendant all necessary information for processing the electronic funds transfer within five (5) business days of receipt of the Court's order entering this Consent Decree. Plaintiff agrees to accept payment of $16,000.00 in full satisfaction of any and all claims for attorneys' fees and costs with respect to this case incurred up until the time of entry of this Consent decree by the Court. EPA does not concede that Plaintiff will be entitled to fees for any efforts after the time of entry of this Consent Decree, and EPA reserves all defenses with respect to any such efforts and any related fee claim. The fees paid under this Paragraph shall have no precedential value in any future fee claim.

12. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to rule upon any motions filed in accordance with Paragraph 9 of this Consent Decree, and to resolve any disputes in accordance with

Paragraph 17 of this Consent Decree.  Once EPA has taken all of the actions called for in Paragraphs 5, 8 and 11 of this Consent Decree, this Decree shall be terminated and the claims resolved in this Consent Decree, which are all claims asserted in the Amended Complaint other than those resolved by the separate Settlement Agreement between the Parties, shall be dismissed with prejudice.  The Parties may either jointly notify the Court that the Decree should be terminated and the claims dismissed, or EPA may so notify the Court by motion.  If EPA notifies the Court by motion, then Plaintiff shall have twenty days in which to respond to such motion.

13.     Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree.

14.     The Parties agree and acknowledge that final approval and entry of this proposed Consent Decree are subject to the requirements of Clean Air Act § 113(g), 42 U.S.C. § 7413(g).  That subsection provides that notice of this proposed Decree be given to the public, that the public shall have a reasonable opportunity to make any comments, and that the Administrator or the Attorney General, as appropriate, must consider those comments in deciding whether to consent to this Consent Decree.  EPA shall submit public notice of this Consent Decree to the Federal Register for publication and public comment within 15 days of execution of this Agreement by the Parties.  After this Consent Decree has undergone an opportunity for notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold consent to this

Consent Decree, in accordance with section 113(g) of the CAA. If the federal government elects not to withdraw or withhold consent to this Consent Decree, the Parties shall promptly file a motion that requests the Court to enter this Consent Decree.

15. Nothing in the terms of this Consent Decree shall be construed to waive any remedies Plaintiff may have under section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1), with respect to any future challenges to the final actions called for in Paragraph 5.

16. Nothing in this Consent Decree shall be construed to provide this Court with jurisdiction over any future challenges by Plaintiff or any other person or entity not a party to this litigation with respect to the final actions called for in Paragraph 5.

17. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall contact the other Party to confer and attempt to reach an agreement on the disputed issue. If the Parties cannot reach an agreed-upon resolution, then either Party may move the Court to resolve the dispute.

18. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and Defendant and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree. This Consent Decree shall be governed and construed under the laws of the United States.

19. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds. No provision of this Decree shall be

interpreted as or constitute a commitment or requirement that EPA obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

20. The undersigned representative of each Party certifies that he is fully authorized to consent to the Court's entry of the terms and conditions of this Consent Decree.

21. Any written notices or other written communications between the Parties contemplated under this Consent Decree shall be sent to the undersigned counsel at the addresses listed in the signature blocks below unless written notice of a change in counsel and/or address is provided.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General

Dated: 4/27/2010   s/David A. Carson
DAVID A. CARSON
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street - 8th Floor
Denver, Colorado 80294
(303) 844-1349
david.a.carson@usdoj.gov

COUNSEL FOR DEFENDANT

Dated: 4/27/2010   s/James J. Tutchton
JAMES J. TUTCHTON
WildEarth Guardians
1536 Wynkoop St., Suite 301
Denver, Colorado 80202
(720) 301-3843

jtutchton@wildearthguardians.org

s/Robert Ukeiley
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, Kentucky 40403
(859) 986-5402
rukeiley@igc.org


COUNSEL FOR PLAINTIFF

Upon consideration of the foregoing, the Court hereby finds that this Consent Decree is fair, reasonable, consistent with the Clean Air Act and in the public interest, and the Court hereby enters this Consent Decree.

IT IS SO ORDERED.

Date: May 26, 2010

BY THE COURT:

Robert E. Blackburn
United States District Judge